■ In the Matter of the Claim of LILLIAN McNAMARA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 18, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying the claimant because she voluntarily left her employment without good cause. Claimant states in her brief that she left her employment because she feared if she remained she would become ill as a result of her nervousness and exicitement over her inability to operate the machine to which she had been assigned. In view of the fact that claimant worked only one day at her new job and provided no medical testimony in support of her allegations, the board's refusal to accept her unsubstantiated claim that she left her employment because of health reasons cannot be disturbed (*Matter of Wilensky [Catherwood]*, 33 AD2d 830; *Matter of Klausner [Catherwood]*, 27 AD2d 776). Decision affirmed, without costs. Sweeney, J. P. Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of LAWRENCE BURGESS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 2, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he voluntarily left his employment. Claimant, a clerk, worked for the United States Postal Service from November 26, 1973 until December 10, 1974. Several charges were preferred against the claimant, including a final one that he made verbal threats against his supervisor. The matter came on for a grievance hearing, but before the grievance could be resolved the claimant resigned. Claimant alleges that he was going to be fired anyway, but admits that he was not specifically asked to resign. A resignation while charges are pending has been held to be a voluntary leaving of employment without good cause (*Matter of Owens [Levine]*, 46 AD2d 1013). Ordinarily the determination of what constitutes good cause for leaving employment is a question of fact, the resolution of which is within the sole province of the board (*Matter of Rubinstein [Catherwood]*, 33 AD2d 950). On this record, the board's decision is supported by substantial evidence and should not be disturbed. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.